# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| Alliance Mortgage Investments, Inc., | Case No. 07-10941 (CSS) |
| Debtor. | |
| In re: | Chapter 7 |
| Alliance Bancorp, | Case No. 07-10942 (CSS) |
| Debtor. | Objection deadline: April 21, 2011 at 4:00 p.m.<br>Hearing date: May 18, 2011 at 11:15 a.m. |

**APPLICATION OF TRACY L. KLESTADT, TRUSTEE OF ALLIANCE MORTGAGE INVESTMENTS, INC. AND ALLIANCE BANCORP, TO EMPLOY AND RETAIN ALVAREZ & MARSAL DISPUTE ANALYSIS & FORENSIC SERVICES, LLC AS SPECIAL FINANCIAL ADVISORS AND CONSULTANTS PURSUANT TO 11 U.S.C. SECTIONS 327(a) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014(a) AND 2016 *NUNC PRO TUNC* TO MARCH 7, 2011**

Tracy L. Klestadt, Esq., chapter 7 trustee ("Trustee") of the estates of Alliance Mortgage Investments, Inc. ("AMI") and Alliance Bancorp ("AB," and together with AMI, the "Debtors"), hereby respectfully submits this application (the "Application"), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authority to employ and retain Alvarez & Marsal Dispute Analysis & Forensic Services, LLC ("A&M"), as special financial advisors and consultants, nunc pro tunc to March 7, 2011, and in support thereof, respectfully represents as follows:

WM1A 996607v1 03/31/11

## Jurisdiction and Venue

1. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue of this proceeding and this application is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief requested herein are §327(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

## Background

2. On July 13, 2007 (the "Petition Date"), the Debtors each filed in this Court a voluntary petition for relief under Chapter 7 of title 11 of the Bankruptcy Code, commencing the above-captioned bankruptcy cases (the "Bankruptcy Cases").

3. On or about July 16, 2007, the Office of the United States Trustee appointed Montague S. Claybrook as the interim trustee of the Debtors' estates.

4. On September 12, 2007, this Court entered an order resolving a disputed election and confirming the election of Tracy L. Klestadt as Trustee.

5. On or about October 22, 2007, this Court entered its Order Authorizing the Employment and Retention of FTI Consulting, Inc. as Financial Advisors to Chapter 7 Trustees Nunc Pro Tunc as of July 16, 2007 [Chapter 7 Docket No. 209], authorizing the Trustee to employ FTI Consulting, Inc. ("FTI") as his financial advisors.

6. On or about March 5, 2009, this Court entered its Order Authorizing Retention of CBIZ Accounting, Tax & Advisory of New York, LLC and CBIZ, Inc. to Succeed Mahoney Cohen & Company, CPA, P.C. as Special Tax Accountants to the Chapter 7 Trustee [Chapter 7

Docket No. 536], authorizing the Trustee to employ CBIZ ("CBIZ") as special tax accountants to the Trustee.

7. On or about July 10, 2009, the Trustee commenced an adversary proceeding against Residential Funding Corporation ("RFC") encaptioned *Tracy L. Klestadt, Chapter 7 Trustee for the Estate of Alliance Bancorp v. Residential Funding Corp.* (the "RFC Adversary Proceeding").

8. In accordance with General Order Regarding Procedures in Adversary Proceedings entered by the Honorable Mary F. Walrath on April 7, 2004, on January 28, 2010, the Trustee and RFC, among others, filed their Stipulation Regarding Appointment of Mediator (the "Mediator Stipulation"), stipulating to the appointment of Melanie Cyganowski as mediator (the "Mediator") [Adv. Proc. Docket No. 15].

9. From March, 2010 to July, 2010, the parties engaged in mediation. Ultimately, mediation did not result in a resolution of the Adversary Proceeding.

10. On November 24, 2010, RFC filed its Insolvency Dispute Notice [Adv. Proc. Docket No. 72].

11. On or about February 24, 2011, the parties entered into Scheduling Stipulation [Adv. Proc. Docket No. 81], which provides, *inter alia*, that the parties provide expert reports on solvency by May 20, 2011 if RFC timely served an Insolvency Dispute Notice.

12. Because of previously disclosed business relationships with certain creditors, FTI is not in a position to provide the required expert testimony. However, FTI will be available to

share files and work product as it relates to RFC and will work cooperatively with the parties in interest to minimize any transition and learning costs should they arise.

## RELIEF REQUESTED

13. As a result of RFC's dispute of the Debtors' solvency prior to the Petition Date, the Trustee will bear the burden of proof on *inter alia*, insolvency of the Debtors in the Adversary Proceeding. The Trustee therefore requires the services of financial advisor and consultants to provide services to the Trustee with respect to the Debtors' insolvency.

14. As set forth above, FTI is unable to provide the services required in the Adversary Proceeding. Further, CBIZ was retained in these Bankruptcy Cases for the limited purpose of preparing tax returns for the Debtors' estates.

15. Therefore, the Trustee, on behalf of the Debtors' estates, hereby applies to this Court for an order authorizing the employment of A&M as special financial advisors and consultants to the Trustee for the purposes set forth herein and the Affidavit of Laureen M. Ryan In Support of the Retention of (the "Ryan Declaration"), annexed hereto as **Exhibit A**, and the Engagement Letter, dated as of March 24, 2011, between the Trustee and A&M (the "A&M Engagement Letter") annexed hereto as **Exhibit B**.

16. The Trustee respectfully submits that it is necessary to retain A&M as special financial advisors herein to, *inter alia*:

(a) Provide assistance in reviewing and analyzing financial information and other relevant data relating to the Debtors;

(b) Provide an expert report and possible testimony regarding solvency of the Debtors during the period from April, 2007 through July, 2007; and

(c) Assist the Trustee by providing such other services as may be

agreed to by A&M and the Trustee, and if appropriate, approved by the Bankruptcy Court.

17. The Trustee submits that the retention of A&M is not duplicative of the services rendered and to be rendered by the Trustee's other accountants and financial advisors, FTI and CBIZ.

18. Accordingly, the Permanent Trustee submits that the retention of A&M for the purposes set forth herein is necessary and beneficial and is not duplicative of the services rendered or to be rendered by other professionals retained in the Debtors' Chapter 7 cases.

## BASIS FOR RELIEF

19. Pursuant to section 327 of the Bankruptcy Code, a chapter 7 trustee may employ an accountant to represent or assist the chapter 7 trustee in carrying out the trustee's duties only if that accountant is disinterested as defined in section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the estate.

20. Neither A&M nor any director, counsel or associate of A&M (i) holds an adverse interest in connection with the cases, (ii) represents any other entity having an adverse interest in connection with the cases, except as disclosed in the Ryan Declaration, and (iii) is disinterested within the meaning of section 101(14) of the Bankruptcy Code.

21. A&M has advised the Trustee that A&M may have previously represented, may currently represent, and may in the future represent, in matters totally unrelated to the Debtors' pending chapter 7 cases, entities that are claimants of the Debtors or other parties-in-interest in these chapter 7 cases. A&M has not, except as disclosed in the Ryan Declaration, and will not

represent any such party, or any of their affiliates or subsidiaries, in relation to the Trustee, the Debtors, or these chapter 7 cases.

22. The Trustee selected A&M because of its professionals' experience and knowledge in the matters for which it is to be retained and because he believes that A&M has no disqualifying conflict of interest.

23. The Trustee requests that A&M be compensated on an hourly basis, in accordance with the ordinary and customary rates that are in effect on the date the services are rendered and in accordance with the rules and orders of this Court concerning compensation and reimbursement of expenses on an interim basis. A&M will file appropriate applications for compensation on a quarterly basis.

24. A&M's hourly rates for calendar year 2011 range from $225 to $700 per hour. A&M periodically increases its hourly rates on a firm-wide basis.

25. In addition to the hourly rates previously referred to, A&M customarily charges clients for actual and necessary costs of services the firm provides in connection with an engagement, including, without limitation, computerized research, filing fees, photocopying charges, long distance telephone calls, facsimile transmissions, messengers, courier mail, secretarial overtime, temporary services, travel, lodging and catering for meetings. Some of these services are provided by A&M, in which case the charges are set by A&M, and others are provided by third party service providers, in which case the charges are set by the providers. A&M will charge the cost of these expenses in a manner and at rates consistent with charges generally made to the firm's other clients.

WM1A 996607v1 03/31/11

## Notice

26. The Trustee has provided notice of this Application to the United States Trustee and all parties who have filed a notice of appearance in these cases.

## No Prior Request

27. No previous application for relief sought herein has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order granting the relief requested herein, substantially in the form of the order annexed hereto, and grant such other and further relief as is just or proper.

Dated: March 31, 2011
Wilmington, Delaware

FOX ROTHSCHILD LLP

By: /s/ Eric M. Sutty
Jeffrey M. Schlerf (No. 3047)
Eric M. Sutty (No. 4007)
L. John Bird (No. 5310)
919 North Market Street, Suite 1600
Wilmington, Delaware 19801
(302) 654-7444

-and-

KLESTADT & WINTERS, LLP
Tracy L. Klestadt
Joseph C. Corneau
570 Seventh Avenue, 17th Floor
New York, New York 10018
Telephone no. (212) 972-3000

Attorneys for Tracy L. Klestadt,
Chapter 7 Trustee